IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-11-471-3 |
| | § | (C.A. No. C-12-182) |
| JUANITA MENDEZ, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Juanita Mendez' (Mendez) motion pursuant to 28 U.S.C. § 2255 and Memorandum in Support. D.E. 136, 137. Because it plainly appears from the Court's review of the motion, the memorandum and the record of prior proceedings that Mendez is not entitled to any relief, the Court dismisses the motion. Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2012) (2255 Rules). She is also denied a certificate of appealability.

### I. PROCEDURAL HISTORY

In April 2011, a federal complaint was filed against Mendez and several others claiming they were involved in a conspiracy to bribe state jailers at the Brooks County Detention facility. D.E. 8. Mendez was arrested within a week after the complaint and made her initial appearance a few days later. Minute Entry, April 20, 2011. Mendez retained private counsel and was granted bond pending trial. Minute Entry April 22, 2011, D.E. 20, 33, 47.

Mendez and her co-defendants were indicted on May 11, 2011, for conspiracy to bribe a public official to take a cell phone and other contraband into the Brooks County Detention Center in violation of 18 U.S.C. §§ 201(b)(1), (2). Mendez was arraigned a week later. Minute Entry, May 18, 2011.

The government filed a notice of potential conflict as to Mendez' counsel based upon the efforts of one of her co-defendants to hire the same attorney. D.E. 89. The government alleged a potential conflict on the grounds that Mendez' counsel might be called as a witness to testify against her co-defendant and that her co-defendant might have an attorney-client relationship with Mendez' counsel. D.E. 89. The Court held rearraignment for Mendez and all but one of her co-defendants on June 27, 2011. Minute Entry, June 27, 2011. During rearraignment, the Court held a hearing on the alleged conflict, advised Mendez of the alleged conflict, Mendez waived the conflict, and stated that she wanted to continue with counsel. June 27, 2011, ERO11:17/11:40:37.

At rearraignment, three of Mendez' co-defendants pled guilty with plea agreements. Mendez denied she had been offered a plea agreement. Counsel advised the Court that Mendez had been offered the same plea agreement as her co-defendants and he had discussed it with her. The Court recessed to allow further discussion between Mendez and her counsel. Id. at 12:00:07/50. After the recess, Mendez agreed that she and counsel had previously discussed the government's offer of a plea agreement. She ultimately concluded that after

again reviewing the terms of the proposed plea agreement[1] with her counsel, she did not want to enter into an agreement with the government. Id. at 12:03:06/12:15:18.

The Court advised Mendez and her co-defendants of the maximum punishment of up to 5 years in the Bureau of Prisons, supervised release of 2-3 years, a fine of up to $250,000, and a special assessment of $100. Id. at 11:56:08/57:07. Mendez testified that she understood the sentencing process and the maximum punishment. Id. at 11:57:30. Mendez pled guilty, she agreed with the factual recitation by the government, and responded to the Court's questions. Mendez admitted that she took a cell phone into the Brooks County Detention facility and hid it in the restroom where a guard retrieved it and took it to a co-defendant. She admitted that another time she smuggled a phone into the facility and gave it to a guard. Id. at 12:19:23, 12:29:40, 12:34:28/12:34:55. Mendez testified that her plea was voluntary, that she was not promised a particular sentence, and that she had not been threatened or coerced into pleading guilty. Id. at 12:18:28/31.

The Court ordered preparation of a Presentence Investigation Report (PSR). D.E. 98. The Probation Department prepared a PSR for Mendez. Mendez' base offense level was 12 to which 2 points were added for more than one act of bribery. D.E. 102 at ¶¶ 24, 25. Four additional points were added because the public official was in a sensitive position. Id. at ¶ 26. Mendez received a 3 point adjustment for acceptance of responsibility resulting in a total offense level of 15. Id. at ¶¶ 31, 34. Mendez had no criminal history resulting in criminal

---

[1] The plea agreements entered into by the co-defendants included a waiver of their rights to appeal or to file certain post-conviction motions. D.E. 92, 95, 96, 97.

history category I. The guideline sentencing range for Mendez was 18 to 24 months. Id. at ¶ 55. Her counsel filed a statement of no objections to the PSR. D.E. 101.

At sentencing, in October 2011, Mendez testified that she had read the PSR, reviewed it with counsel and agreed with the information recited in it. October, 11, 2011, ERO at 9:02:26. Counsel argued for leniency. The government moved for a downward departure. The Court sentenced Mendez to 12 months imprisonment, three years supervised release, no fine and a $100 special assessment. D.E. 132. Mendez did not appeal, but filed her timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## II.  MOVANT'S ALLEGATIONS

Mendez alleges several claims of ineffective assistance of counsel. She claims counsel was ineffective because he failed to, 1) present evidence at sentencing, 2) failed to investigate the facts, and 3) failed to communicate and represent Mendez at key meetings. Mendez claims that counsel's failures violated her right to due process. D.E. 137 at 5. She seeks an evidentiary hearing, appointment of counsel and a remand for new sentencing. D.E. 136.

## III.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Standard to Determine Ineffective Assistance of Counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that her counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that her attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other.

---

[2]  The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

A district court may deny a § 2255 motion without a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

**C.    Mendez' Claims of Ineffective Assistance of Counsel**

Mendez urges that her counsel was ineffective in three different ways at different phases of the proceedings. Judicial scrutiny of counsel's performance must be "highly deferential," and indulge in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant challenging his conviction or sentence on the basis of ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1993).

Mendez claims that counsel failed to investigate the facts. Mendez' claim is contradicted by her testimony in these proceedings. At rearraignment, Mendez admitted that the facts recited by the government were correct.[3] At sentencing, Mendez agreed with the information in the PSR.

Moreover, Mendez does not describe the facts that she claims counsel failed to investigate. Nor does she explain how thee missing facts would have made a difference in these proceedings. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir.1989); see also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim."). Because Mendez has not sufficiently stated facts to support her claim, she has not met her heavy burden to overcome the presumption that counsel rendered reasonably effective assistance.

Mendez also claims that counsel "failed to communicate and to represent [Mendez] at key meetings." D.E. 137 at 5. This claim is also contradicted in part by Mendez' previous testimony. At rearraignment and at sentencing, Mendez expressed satisfaction with her counsel, and testified that she had discussed matters with her counsel. When Mendez was

---

[3] Mendez claimed that one of her co-defendants threatened her and coerced her into participating in the conspiracy to bring contraband into the Brooks County Detention facility. But she also admitted that she had time to go to law enforcement for help and did not do so. June 26, 2011, ERO at 12:36:00/37:37. At sentencing, counsel also argued that Mendez was threatened, but admitted that he had discussed a legal duress defense with her, and they had decided that the defense was not likely to be successful. The Court offered to hear evidence on the durress issue, but Mendez declined to testify regarding duress or coercion. October 21, 2011, ERO at 9:18:28.

offered an opportunity to have different counsel appointed to represent her, in light of counsel's potential conflict of interest, Mendez rejected the Court's offer and chose to continue with her retained counsel.

As in her previous claim, Mendez does not state any facts to support her claim. She does not state with whom counsel allegedly failed to communicate, nor does she state what meetings counsel allegedly failed to attend and how that failure prejudiced her. Because Mendez has not sufficiently stated facts to support her claim, she has not met her burden to overcome the presumption that counsel rendered reasonably effective assistance.

Finally, Mendez also claims that counsel was ineffective at sentencing because counsel did not reveal to the Court facts that would have made a difference in the outcome. Her motion, yet again, does not reveal what facts counsel should have, but did not reveal to the Court at sentencing or how those facts would have made any difference in her sentence. Because Mendez has not sufficiently stated facts to support her claim, she has not met her burden in this proceeding.

## D.     Request for Appointment of Counsel

Included within Mendez' motion to vacate is a request that this Court appoint counsel to assist her in these proceedings. D.E. 136 at 13. There is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no

further."). Mendez' request for counsel is denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Mendez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Mendez is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Mendez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 136) is DISMISSED.  Her motion to appoint counsel (D.E. 136) is DENIED. She is also denied a Certificate of Appealability.

ORDERED this 29th day of June 2012.

*/s/ Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE